IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**STEVEN D. MARSHALL,**                          3:12-cv-01550-BR

        Plaintiff,

                                      OPINION AND ORDER

**v.**

**GORDON TRUCKING, INC.,**

        Defendant.

**ERIC J. FJELSTAD**
Smith & Fjelstad
722 N. Main Avenue
Gresham, OR 97030
(503) 669-2242

        Attorneys for Plaintiff

**CHRISTINE A. SLATTERY**
**SCOTT OBERG OBORNE**
Jackson Lewis LLP
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404

        Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#28) for

Summary Judgment of Defendant Gordon Trucking, Inc.

1 - OPINION AND ORDER

In its Motion Defendant moves for summary judgment on the grounds that Plaintiff failed to exhaust the United States Department of Transportation Federal Motor Carrier Safety Administration (DOT) administrative remedies and Plaintiff cannot prove he is a "qualified individual" under the Americans with Disability Act (ADA).  In the Ninth Circuit failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  Thus, the Court construes Defendant's Motion (#28) for Summary Judgment as a Motion to Dismiss for failure to exhaust administrative remedies.  As discussed below, the Court concludes Plaintiff has not exhausted his administrative remedies, and, therefore, this Court lacks subject-matter jurisdiction over this action.

Accordingly, for the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **without prejudice**.

## FACTUAL BACKGROUND

The following facts are undisputed unless otherwise noted:

Defendant is an interstate long-haul trucking company based in Pacific, Washington.  As an interstate carrier, Defendant is required to comply with federal regulations promulgated by the United Stated Department of Transportation Federal Motor Carrier

2 - OPINION AND ORDER

Safety Administration (DOT).

In December 2010 Defendant purchased Plaintiff's former employer, Cascade Express.  Plaintiff applied for a position with Gordon Trucking and was given a conditional job offer.  To complete the application process and become a driver for Defendant, Plaintiff was required to take part in a DOT medical examination in order to be certified as medically qualified to drive for Gordon Trucking.

Dr. Christopher Swan conducted Plaintiff's medical examination during which Plaintiff disclosed he suffered from a bipolar disorder and was taking the medication lithium to treat his illness.  In spite of Plaintiff's disclosure, Dr. Swan issued a medical-examiner's certificate indicating Plaintiff was physically qualified to drive a commercial vehicle.  Gordon Trucking reviewed the results of Dr. Swan's medical examination and the certificate of physical qualification.  Gordon Trucking also consulted with its retained physician, Dr. Stephen Sorsby, to determine whether Plaintiff was medically qualified to drive under DOT regulations while taking lithium.  At that time Dr. Sorsby was the Regional Medical Director at U.S. HealthWorks and a specialist in DOT regulated drivers.

Dr. Sorsby disagreed with Dr. Swan's conclusion that Plaintiff was qualified to drive commercial vehicles.  Although lithium is not a substance banned under DOT regulations,

3 - OPINION AND ORDER

Dr. Sorsby concluded Plaintiff was not medically qualified to be a commercial driver because Dr. Sorsby believed lithium has a propensity to cause night blindness.  Defendant communicated to Plaintiff that he was disqualified under DOT regulations from driving for Gordon Trucking while taking lithium.  Defendant suggested Plaintiff speak with his personal physician about an alternative medication.  Shortly thereafter Plaintiff informed Gordon Trucking that his doctor refused to take him off of lithium.

   Defendant terminated Plaintiff's employment in light of Dr. Sorsby's opinion that Plaintiff was not medically qualified to drive commercial vehicles under DOT regulations because Plaintiff was taking lithium.

**PROCEDURAL BACKGROUND**

   In November 2011 Plaintiff filed a claim with the Oregon Bureau of Labor and Industries (BOLI).  The filing of his claim was, in effect, a joint filing with the federal Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement between BOLI and EEOC.  In June 2012 the EEOC sent Plaintiff a Right to Sue notice.  DOT regulations, however, provide appeal procedures when there is a "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications."  49 C.F.R.

4 - OPINION AND ORDER

§ 391.47(b)(2).  *See also Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 638 (8th Cir. 2003).  Nevertheless, even though there was a disagreement between Plaintiff's physician and Defendant's physician as to Plaintiff's qualifications, Plaintiff did not seek a determination from DOT as to his medical qualification to drive commercial vehicles pursuant to 49 C.F.R. § 391.47.

Plaintiff filed this action against Defendant on August 28, 2012, asserting a claim for disability discrimination under the Americans with Disability Act (ADA), 42 U.S.C. § 12111.  Plaintiff seeks relief under three separate counts:  disparate treatment (Count One), failure to engage in interactive process (Count Two), and failure to accommodate (Count Three).

On October 16, 2012, Defendant filed a Motion (#8) to Dismiss for lack of jurisdiction and failure to state a claim.  Defendant contended Plaintiff's claim should be dismissed because even though Plaintiff was required to exhaust the DOT administrative remedies before filing this lawsuit, he failed to do so and, in addition, Plaintiff is unable to demonstrate that he is a "qualified" individual under the ADA in the absence of a finding to that effect by DOT.

The Court heard oral argument on Defendant's Motion (#8) on December 28, 2012.  The Court denied Defendant's Motion with

5 - OPINION AND ORDER

leave to renew after further development of the record.  On June 4, 2013, the Court set a deadline of June 24, 2013, for the parties to file dispositive motions on the exhaustion issue.  Defendant filed its Motion (#28) for Summary Judgment on June 24, 2013.  The Court took this matter under advisement on August 2, 2013.

## **STANDARDS**

In the Ninth Circuit failure to exhaust administrative remedies is "treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  To decide a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  Unlike summary judgment, dismissal for failure to exhaust administrative remedies is not a decision on the merits.  *Id.*

When a plaintiff fails to exhaust DOT administrative remedies relating to a dispute over his medical qualifications, the court lacks subject-matter jurisdiction over the plaintiff's ADA discrimination claims.  *Harris*, 339 F.3d at 639.  *See also Cliburn v. CUSA KBC, LLC,* No. SA-07-CV-0620NN, 2007 WL 4199605, at *3 (W.D. Tex., Nov. 25, 2007).

**DISCUSSION**

**I.   Failure to exhaust.**

Defendant contends Plaintiff did not exhaust the DOT administrative processes as a prerequisite to filing this action as required under 49 C.F.R. § 391.47, which deals with the "resolution of conflicts of medical evaluation."

It is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."  *Myers v. Bethlehem Shipbuilding Corp*., 303 U.S. 41, 50-51 (1938).  *See also Reiter v. Cooper*, 507 U.S. 258, 269 (1993)(When "relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts.").  The exhaustion doctrine serves "to permit administrative agencies to utilize their expertise, correct any mistakes, and avoid unnecessary judicial intervention in the process."  *Great Old Broads for Wilderness v. Kimbell*, 709 F.3d 836, 846 (9th Cir. 2013)(citing *Lands Council v. McNair*, 629 F.3d 1070, 1076 (9th Cir. 2010)).

**A.   DOT Federal Motor-Carrier Safety Regulations**.

The DOT sets minimum standards for commercial drivers with respect to hiring, qualifications, and safety.  *See* 49 C.F.R. § 391.1, *et seq*.  As noted, because Defendant is an interstate trucking company, it is required to comply with DOT regulations.

7 - OPINION AND ORDER

Under these regulations "a motor carrier shall not . . . permit a person to drive a commercial motor vehicle unless that person is qualified to drive" under the physical qualification standards. 49 C.F.R. § 391.11(a).  *See also* Harris, 339 F.3d at 639.

In *Harris* the Eighth Circuit explained the applicable DOT regulations regarding the driver physical-qualification requirement and the administrative procedure for settling disputes:

> Congress has delegated to the Secretary of Transportation the authority to prescribe driver qualifications.  See 49 U.S.C. § 31102(b)(1).  Pursuant to this authority, the DOT promulgated the Federal Motor Carrier Safety Regulations, under which a person "shall not drive a commercial motor vehicle" without a "medical examiner's certificate that [the person] is physically qualified." 49 C.F.R. § 391.41(a).  Specifically, "the medical examiner is required to certify that the driver does not have any physical, mental, or organic condition that might affect the driver's ability to operate a commercial motor vehicle safely."  49 C.F.R. § 391.43(f).  And, most importantly in this case, DOT regulations provide appeal procedures for instances of "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications." 49 C.F.R. § 391.47(b)(2).

339 F.3d at 638.

    **B.    Exhaustion of DOT Administrative Remedies.**

The Ninth Circuit has not addressed the issue of a plaintiff's failure to exhaust DOT administrative remedies in an ADA case.  Numerous courts have relied on *Harris* as the leading

8 - OPINION AND ORDER

case on this issue.  This Court agrees.

In *Harris* the plaintiff brought a claim under the ADA for discrimination based on his alleged DOT qualifications.  The court stated:

> Federal courts addressing claims similar to [plaintiff's] have held that "[e]xhaustion of DOT procedures should be required" in these circumstances because driver fitness "falls squarely within the regulatory scheme (and substantive expertise) of DOT." *Campbell v. Federal Express Corp.*, 918 F. Supp. 912, 918 (D. Md. 1996).  *See also Prado v. Continental Air Transp. Co.*, 982 F. Supp. 1304, 1308 (N.D. Ill. 1997)("The court will not abrogate clear congressional intent which vests driver fitness issues in the Secretary of Transportation.").  We agree.

*Id*.

The *Harris* court dismissed the action on the ground that the plaintiff had failed to first exhaust his administrative remedies available under the DOT regulations.  The court reasoned "[t]he DOT is charged with and is much better equipped to handle resolution of disputes over a driver's medical qualifications and can do so far more expertly and efficiently than a reviewing court."  *Id.*

As noted, in cases decided in other circuits since *Harris*, the courts have generally found the reasoning of the *Harris* court's decision persuasive and reached the same conclusion. *See, e.g., Cliburn,* 2007 WL 4199605, at *2-3 ("[L]ike Harris, [the plaintiff] should be required to pursue her administrative

9 - OPINION AND ORDER

remedies before suing [the defendant] based on her DOT qualification for commercial driving."); *EEOC v. P.A.M. Transp., Inc.*, No. 09-CV-13851, 2011 WL 3919004, at *3 (E.D. Mich. Sept. 7, 2011)(the EEOC's unlawful separation claim could not proceed because it "could not show [the employee] was 'otherwise qualified' to drive a truck unless it showed that he satisfied DOT's fitness requirements, a determination that unquestionably falls within the administrative framework of § 391.47."); *Clark v. Lyman-Richey Corp.*, No. 8:06-CV-6692008, 2008 WL 1733603, at *10 (D. Neb. April 10, 2008)(dismissing the plaintiff's ADA claims on the basis that the plaintiff should have first exhausted the DOT remedies under 49 C.F.R. § 391.47(b)); *Myers v. J.B. Hunt Transport, Inc.*, No. 1:05-CV-00717, 2006 WL 3479001, at *4 (M.D.N.C. Nov. 30, 2006) (dismissing the plaintiff's ADA claim for failure to exhaust DOT administrative remedies with respect to his physical qualifications.).

When a plaintiff fails to exhaust his DOT administrative remedies under 49 C.F.R. § 391.47, the court lacks subject-matter jurisdiction over the plaintiff's ADA claims. *Harris*, 339 F.3d at 639 (affirming dismissal of plaintiff's ADA claims for lack of subject-matter jurisdiction because the court could not "reach [the plaintiff's] ADA claim until the question of his physical qualification is resolved pursuant to . . . 49 C.F.R. §391.47(b)(2)."). *See also Cliburn*, 2007 WL 4199605, at *3.

10 - OPINION AND ORDER

## C. Analysis.

Plaintiff contends 49 C.F.R. § 391.47 is not mandatory and the Court has discretion to determine whether Plaintiff is required to exhaust his DOT administrative remedies. The Court disagrees. As stated in *Harris*, "'exhaustion' applies where a claim is cognizable in the first instance by an administrative agency alone." 339 F.3d at 638 (citations and quotations omitted). "The DOT is charged with and is much better equipped to handle resolution of disputes over a driver's medical qualifications and can do so far more expertly and efficiently than a reviewing court. Thus, we hold that failure to exhaust the remedies available under 49 C.F.R. § 391.47 *requires* dismissal of this action, precluding [a plaintiff] from obtaining review of his ADA claim." *Id.* (emphasis added). This Court agrees.

Plaintiff also contends he was not required to utilize the DOT administrative process because the dispute at issue does not turn on a disagreement of medical examiners. Plaintiff argues Dr. Sorsby's opinion that Plaintiff is not qualified to drive for Defendant was based on Defendant's own policy of banning drivers from taking lithium despite the fact that lithium is not banned under the DOT regulations. Plaintiff's argument, however, ignores the stipulated facts (#26) filed in the record in which the parties explicitly agree the issue at the heart of this

11 - OPINION AND ORDER

matter is precisely the type of disagreement that the DOT administrative process is designed to address: "Dr. Sorsby disagreed with Dr. Swan's conclusion that Plaintiff was qualified to drive commercial vehicles. . . . Despite Plaintiff's disclosure that he was taking lithium, Dr. Swan issued Plaintiff a medical examiner's certificate of physical qualifications. . . . [I]n [Dr. Sorsby's] opinion, Plaintiff was not medically qualified to drive *pursuant to DOT regulations* because of the lithium he was taking. . . . [I]t is undisputed that Plaintiff was not permitted to drive for Gordon Trucking *by virtue of being medically disqualified under DOT regulations*." Emphasis added.

The *Harris* court made clear that such a disagreement "brings the question of [a plaintiff's] physical qualification within the sole province of the DOT," which, in turn, requires a plaintiff to pursue the procedures required by 49 C.F.R. § 391.47 before seeking judicial review of his ADA disability claim. 339 F.3d at 639. *See also Cliburn*, 2007 WL 4199605, at *3.

Thus, Plaintiff was required to pursue his DOT administrative remedies before filing this action. Because Plaintiff failed to exhaust the remedies available under 49 C.F.R. § 391.47, the Court lacks subject-matter jurisdiction over Plaintiff's ADA claim.

**II. "Qualified Individual" Under the ADA**.

Defendant also contends because Plaintiff failed to exhaust his administrative remedies, Plaintiff cannot establish he was a "qualified individual" under the ADA.  This Court, however, has concluded it lacks subject-matter jurisdiction over Plaintiff's claim and, therefore, cannot consider the merits of that claim.


## CONCLUSION

For these reasons, the Court construes Defendant's Motion (#28) for Summary Judgment as a Motion to Dismiss, **GRANTS** Defendant's Motion (#28), and **DISMISSES** this action **without prejudice**.

IT IS SO ORDERED.

DATED this 30th day of October 2013.


/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER