IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN D. MARSHALL,                         3:12-cv-01550-BR

        **Plaintiff,**                  OPINION AND ORDER

v.

GORDON TRUCKING, INC.,

        **Defendant.**

**ERIC J. FJELSTAD**
Smith & Fjelstad
722 N. Main Avenue
Gresham, OR 97030
(503) 669-2242

      Attorneys for Plaintiff

**CHRISTINE A. SLATTERY**
**SCOTT OBERG OBORNE**
Jackson Lewis LLP
1001 S.W. 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on remand from the Ninth

Circuit dated June 1, 2016, regarding this Court's Opinion and

Order (#35) issued October 30, 2013, granting Defendant Gordon Trucking Inc.'s Motion (#28) for Summary Judgment.  The Ninth Circuit found this Court "understandably treated" Defendant's Motion as an "unenumerated 12(b) motion" under the then-existing case law and evaluated Defendant's Motion under that standard.

On remand the Ninth Circuit instructed the Court to follow *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), which was announced six months after this Court's decision on Defendant's Motion.  In *Albino* the Ninth Circuit held a failure to exhaust administrative remedies "is an affirmative defense that should normally be raised through a summary judgment motion" and evaluated under the applicable standard for such motions.

In addition, the Ninth Circuit held this Court erred when it found it did not have subject-matter jurisdiction because of Defendant's failure to exhaust his remedies under the United States Department of Transportation (DOT) Federal Motor Carrier Safety Administration regulations.  The Ninth Circuit also directed this Court to consider whether to exercise its discretion to excuse exhaustion or to invoke the doctrine of primary jurisdiction.

Defendant moves for summary judgment on the grounds that (1) Plaintiff Steven D. Marshall failed to exhaust the DOT administrative remedies and (2) Plaintiff cannot prove he is a "qualified individual" under the Americans with Disability Act

(ADA), 42 U.S.C. § 12111.

For the reasons that follow, the Court **GRANTS** Defendant's Motion.

### FACTUAL BACKGROUND

The following facts, as set forth in the Court's Opinion and Order (#35) issued October 30, 2013, are undisputed unless otherwise noted:

Defendant is an interstate long-haul trucking company based in Pacific, Washington.  As an interstate carrier Defendant is required to comply with federal regulations promulgated by the DOT.

In December 2010 Defendant purchased Plaintiff's former employer, Cascade Express.  Plaintiff applied for a position with Defendant and was given a conditional job offer.  To complete the application process Plaintiff was required to have a DOT medical examination in order to be certified as medically qualified to drive for Defendant.  Dr. Christopher Swan conducted the medical examination, during which Plaintiff disclosed he suffered from a bipolar disorder and was taking the medication lithium to treat his illness.  In spite of Plaintiff's disclosure, Dr. Swan issued a medical-examiner's certificate indicating Plaintiff was

3 - OPINION AND ORDER

physically qualified to drive a commercial vehicle.  Defendant
reviewed the results of Dr. Swan's medical examination and the
certificate of physical qualification.  Defendant also consulted
with its retained physician, Dr. Stephen Sorsby, to determine
whether Plaintiff was medically qualified to drive under DOT
regulations while taking lithium.  At that time Dr. Sorsby was
the Regional Medical Director at U.S. HealthWorks and a
specialist regarding DOT-regulated drivers.

Dr. Sorsby disagreed with Dr. Swan's conclusion that
Plaintiff was qualified to drive commercial vehicles.  Although
lithium is not a substance banned under DOT regulations,
Dr. Sorsby concluded Plaintiff was not medically qualified to be
a commercial driver under DOT regulations because Dr. Sorsby
believes lithium has a propensity to cause night blindness.  As a
result, Defendant excludes all individuals who take lithium from
driving a commercial motor vehicle for Defendant.  Defendant,
therefore, told Plaintiff that he was disqualified under DOT
regulations from driving for Defendant while taking lithium.
Defendant suggested Plaintiff speak with his personal physician
about an alternative medication.  Shortly thereafter Plaintiff
informed Defendant that his doctor refused to take him off of
lithium.

Defendant then terminated[1] Plaintiff's employment in light of Dr. Sorsby's opinion that Plaintiff was not medically qualified to drive commercial vehicles under DOT regulations because Plaintiff was taking lithium.

## PROCEDURAL BACKGROUND

In November 2011 Plaintiff filed a claim with the Oregon Bureau of Labor and Industries (BOLI).  The filing of his claim was, in effect, a joint filing with the federal Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement between BOLI and EEOC.  In June 2012 the EEOC sent Plaintiff a Right to Sue notice.

DOT regulations provide appeal procedures when there is a "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications." 49 C.F.R. § 391.47(b)(2).  Nevertheless, even though there was a disagreement between Plaintiff's physician and Defendant's physician as to Plaintiff's qualifications, Plaintiff did not seek a determination from DOT as to his medical

---

[1] The Joint Statement of Agreed Facts (#26) states in FN 2: "Although Plaintiff has alleged he was terminated, Plaintiff's end of employment was more akin to a withdrawal of the conditional job offer.  Plaintiff never drove for Gordon Trucking.  Regardless, it is undisputed that Plaintiff was not permitted to drive for Gordon Trucking by virtue of being medically disqualified under DOT regulations."  For purposes of this Motion, therefore, the Court will refer to Plaintiff as being "terminated."

qualifications to drive commercial vehicles pursuant to 49 C.F.R. § 391.47.

Plaintiff filed this action against Defendant on August 28, 2012, asserting a claim for disability discrimination under the Americans with Disability Act (ADA), 42 U.S.C. § 12111. Plaintiff seeks relief under three separate counts:  disparate treatment (Count One), failure to engage in interactive process (Count Two), and failure to accommodate (Count Three).

Defendant filed its original Motion (#28) for Summary Judgment on June 24, 2013.  On October 30, 2013, the Court granted Defendant's Motion and entered a Judgment on October 31, 2013, dismissing Plaintiff's action for lack of jurisdiction.  On November 19, 2013, Plaintiff filed a Notice of Appeal to the Ninth Circuit.

As noted, the Ninth Circuit issued its Mandate on June 1, 2016, reversing and remanding this case.  On July 29, 2016, the Court again took Defendant's Motion for Summary Judgment under advisement pursuant to the standards specified in that Mandate.


## STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R.

Civ. P. 56(a).  The moving party must show the absence of a dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial.  *Id.*  "This burden is not a light one . . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted).  A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment."  *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)

(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

As noted, the failure to exhaust administrative remedies is an affirmative defense that must be pled and proved by a defendant. *Albino*, 747 F.3d at 1168. A defendant has the initial burden to prove that there is an available administrative remedy and that the plaintiff did not exhaust that available remedy. After the defendant has carried that burden, the plaintiff must produce evidence showing there is something in his particular case that made the existing and generally available administrative remedy effectively unavailable to him. *Albino,* 747 F.3d at 1172.

If the court determines the plaintiff has failed to exhaust the administrative remedies available to him, the court may

excuse the plaintiff's failure or, in the exercise of its discretion, invoke primary jurisdiction and direct the parties to proceed before the agency.

## I. Defendant has shown an administrative remedy is available to Plaintiff.

Congress has given the Secretary of Transportation the power to prescribe the qualifications for drivers of commercial motor carriers. 49 U.S.C. § 31102(b)(1)(C). The DOT sets minimum standards for commercial drivers with respect to hiring, qualifications, and safety. *See* 49 C.F.R. § 391.1, *et seq.* As noted, because Defendant is an interstate trucking company, it is required to comply with DOT regulations. Under these regulations "a motor carrier shall not . . . permit a person to drive a commercial motor vehicle unless that person is qualified to drive" under the physical-qualification standards. 49 C.F.R. § 391.11(a). When a dispute arises regarding a driver's medical qualification based on a conflict of medical opinion, the DOT has established an administrative process to address the dispute under 49 C.F.R. § 391.47.

The Ninth Circuit has not addressed the issue of a plaintiff's failure to exhaust DOT administrative remedies in an ADA case. In *Harris v. P.A.M. Transp., Inc.*, the leading case on this issue, the Eighth Circuit explained the applicable DOT regulations regarding the driver physical-qualification requirements and the administrative procedure for settling

9 - OPINION AND ORDER

disputes as follows:

> Congress has delegated to the Secretary of
> Transportation the authority to prescribe
> driver qualifications.  See 49 U.S.C.
> § 31102(b)(1).  Pursuant to this authority,
> the DOT promulgated the Federal Motor Carrier
> Safety Regulations, under which a person
> "shall not drive a commercial motor vehicle"
> without a "medical examiner's certificate
> that [the person] is physically qualified."
> 49 C.F.R. § 391.41(a).  Specifically, "the
> medical examiner is required to certify that
> the driver does not have any physical,
> mental, or organic condition that might
> affect the driver's ability to operate a
> commercial motor vehicle safely."  49 C.F.R.
> § 391.43(f).  And, most importantly in this
> case, DOT regulations provide appeal
> procedures for instances of "disagreement
> between the physician for the driver and the
> physician for the motor carrier concerning
> the driver's qualifications."  49 C.F.R.
> § 391.47(b)(2).

339 F.3d 635, 638 (8th Cir. 2003).

The Court notes a plaintiff who contends his motor-carrier
employer violated his rights under the ADA is not specifically
required under any statute to exhaust the administrative remedies
provided under 49 C.F.R. § 391.47 nor does 49 C.F.R. § 391.47
refer specifically to ADA or discrimination claims.  Courts
following *Harris* have, nevertheless, found it prudent to impose
an exhaustion requirement because of the DOT's greater competence
in determining when its safety-regulation requirements are being
met.  *See, e.g., EEOC v. P.A.M. Transp., Inc.*, No. 09-13851, 2011
WL 3919300 (E.D. Mich. May 10, 2011); *Cliburn v. CUSA KBC, LLC*,
No. SA-07-CV-0620, 2007 WL 4199605 (W.D. Tex. Nov. 25, 2007);

10 - OPINION AND ORDER

*EEOC v. Celadon Trucking Serv., Inc.,* No. 1:12-cv-00275, 2015 WL
3961180 (S.D. Ind. June 30, 2015).  The *Harris* court noted:

> Federal courts addressing claims similar to
> [the plaintiff's] have held that
> "[e]xhaustion of DOT procedures should be
> required" in these circumstances because
> driver fitness "falls squarely within the
> regulatory scheme (and substantive expertise)
> of DOT." *Campbell v. Federal Express Corp.*,
> 918 F. Supp. 912, 918 (D. Md. 1996). *See
> also Prado v. Continental Air Transp. Co.*,
> 982 F. Supp. 1304, 1308 (N.D. Ill. 1997)("The
> court will not abrogate clear congressional
> intent which vests driver fitness issues in
> the Secretary of Transportation.").  We
> agree.

*Id.*  This Court agrees with the analysis in *Harris* and the cases

that follow it.  Here, as noted, to satisfy DOT requirements,

Plaintiff's physician performed a medical examination of

Plaintiff and issued a medical-examiner's certificate indicating

Plaintiff was medically qualified to drive a commercial vehicle.

Defendant's medical examiner disagreed and determined Plaintiff

was not medically qualified to drive as a result of his use of

lithium and its propensity to cause night blindness.  The Court

concludes this resulting "disagreement" concerning Plaintiff's

"ability to operate a commercial motor vehicle safely" should

have been resolved pursuant to the administrative process set out

in 49 C.F.R. § 391.47.

On this record, therefore, the Court, adopting the reasoning

of *Harris*, concludes there is not a genuine dispute of material

fact that an administrative process exists to resolve the dispute

11 – OPINION AND ORDER

as to Plaintiff's medical qualifications to drive a commercial
vehicle.

## II. Defendant has shown Plaintiff did not exhaust the available administrative remedies provided under 49 C.F.R. § 391.47.

With respect to Defendant's duty to establish that Plaintiff
failed to exhaust the available administrative remedy, the
parties' Joint Statement of Agreed Facts (#26) indicates
"Defendant never received information that Plaintiff sought a
determination from the DOT of his medical qualifications pursuant
to 49 C.F.R. § 391.47(a), and there is no evidence in the record
he has ever done so."

The Court, therefore, concludes it is undisputed that
Plaintiff did not exhaust the administrative remedies available
to him pursuant to 49 C.F.R. § 391.47.

## III. Plaintiff has not shown his failure to exhaust the available administrative remedies was because those remedies were, in effect, "unavailable" to him.

As noted, after a defendant has carried its burden to
establish the availability of and failure to exhaust
administrative remedies, a plaintiff has the burden to produce
evidence that shows there is something in his particular case
that made the existing administrative remedies effectively
unavailable to him. *See Albino,* 747 F.3d at 1172.  Here
Plaintiff contends the Court should excuse his failure to exhaust
the available administrative process because such process would
have been futile and, in any event, he was a qualified person

12 – OPINION AND ORDER

with a disability who Defendant discriminated against in violation of the ADA.

**A.    Plaintiff has not shown the administrative procedures under 49 C.F.R. § 391.47 were unavailable to him as a practical matter.**

Plaintiff contends when Defendant terminated him, Defendant merely invoked its own policy that prohibited lithium use by its drivers rather than any particular DOT regulation that prohibits the use of lithium by commercial drivers.  Plaintiff argues, therefore, the dispute does not turn on the disagreement of medical examiners as required by the administrative process, but instead on the application of Defendant's rules rather than DOT regulations.  Defendant, however, asserts the decision to terminate Plaintiff was based on the opinion of Dr. Sorsby, Defendant's medical examiner, that Plaintiff was not medically qualified to drive under DOT regulations as a result of Plaintiff's use of lithium, a medication that Dr. Sorsby believed had the side- effect of causing night blindness.

DOT regulations provide a person is medically disqualified if he has a "mental, nervous, organic, or functional disease or psychiatric disorder likely to interfere with his/her ability to drive a commercial motor vehicle safely."  49 C.F.R. § 391.41(b)(9).  Here it is undisputed that Plaintiff takes lithium for the treatment of his bipolar disorder.  Plaintiff's physician, Dr. Swan, although aware of Plaintiff's use of lithium

13 - OPINION AND ORDER

to treat his illness, issued a medical-examiner's certificate indicating Plaintiff was medically qualified to drive a commercial vehicle pursuant to DOT regulations.  Dr. Sorsby, Defendant's retained physician, provided his opinion that Plaintiff is not medically qualified to drive pursuant to DOT regulations because night-blindness, which could interfere with Plaintiff's ability to drive safely, is a possible side-effect of lithium.

In the Joint Statement of Agreed Facts (#26) the parties agreed, in effect, that the issue at the heart of this matter is precisely the type of disagreement that the DOT administrative process is designed to address:  "Dr. Sorsby disagreed with Dr. Swan's conclusion that Plaintiff was qualified to drive commercial vehicles. . . .  Despite Plaintiff's disclosure that he was taking lithium, Dr. Swan issued Plaintiff a medical examiner's certificate of physical qualifications. . . .  [I]n [Dr. Sorsby's] opinion, Plaintiff was not medically qualified to drive pursuant to DOT regulations because of the lithium he was taking."  Thus, as noted, the opinions of the two physicians resulted in a conflict in the interpretation and the application of the DOT  regulations that the administrative process was intended to address.

Nevertheless, Plaintiff contends the DOT process was futile as it was not well-known nor well-developed and, even more

significant, the administrative process did not provide the
remedy of re-hiring him if the outcome was in his favor.  The
issue, however, is whether a process is available "as a practical
matter" or "capable of use" rather than whether the process is
"well-known or well-developed."  *Id.* at 1171.  Plaintiff does not
submit any evidence to show the process was unavailable to him,
that he was incapable of utilizing it, or that a remedy was not
available under the administrative process.  In *Brown v. Valoff*
the Ninth Circuit held the obligation to exhaust "available"
remedies (in the context of a Prison Litigation Reform Act case)
persists as long as some remedy remains "available."  422 F.3d
926 (9th Cir. 2015).  Here the available remedy under the
administrative process certainly would have determined whether
Plaintiff was or was not medically qualified to be a commercial
driver pursuant to 49 C.F.R. § 391.47.

**B.    Plaintiff has not yet shown he was a "qualified" person
        with a disability under the ADA.**

Plaintiff next contends he is an "otherwise qualified"
person with a disability under the ADA.  Plaintiff argues he was
a qualified commercial driver under DOT medical standards, which
do not ban the use of lithium; that his termination by Defendant
was based on Plaintiff's use of lithium to treat his bipolar
medical condition; and, therefore, Plaintiff is a qualified
person with a disability.  Defendant, however, argues Plaintiff
cannot establish he was a qualified individual with a disability

15 - OPINION AND ORDER

under the ADA because it has not been established whether
Plaintiff was qualified under DOT regulations "to operate a
commercial motor vehicle safely."

Title I of the ADA prohibits employment discrimination
"on the basis of disability."  42 U.S.C. § 12112(a).  Congress,
however, did not intend the ADA to bypass federal safety
regulations.  As the Supreme Court explained:

> When Congress enacted the ADA, it recognized that
> federal safety rules would limit application of
> the ADA as a matter of law.  The Senate Labor and
> Human Resources Committee Report on the ADA stated
> that "a person with a disability applying for or
> currently holding a job subject to [DOT standards
> for drivers] must be able to satisfy these
> physical qualification standards in order to be
> considered a qualified individual with a
> disability under Title I of this legislation."
> The two primary House committees shared this
> understanding.

*Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555 (1999)(alteration
in original)(citations omitted).  Thus, courts have held an
employment action based on an employee's or prospective
employee's inability to satisfy DOT medical standards does not
violate disability discrimination laws (*Williams v. J.B. Hunt
Transp., Inc.*, 826 F.3d 806, 811 (5th Circ. 2016)) because
otherwise motor-carrier employers would face the dilemma of
risking ADA liability or violating the DOT's command that "a
motor carrier shall not . . . permit a person to drive a
commercial motor vehicle unless that person is qualified" under
the agency's safety regulations (49 C.F.R. § 391.11).

16 - OPINION AND ORDER

Although the Ninth Circuit has not explicitly addressed this issue, the Fifth Circuit Court of Appeals, relying on *Harris*, did so in *Williams v. J.B. Hunt Transp., Inc.,* 826 F.3d 806 (5th Cir. 2016).  Following a line of cases from other circuits, the Fifth Circuit concluded the plaintiff "was not a qualified individual under the ADA" because he lacked the requisite DOT certification required by federal law and failed to exhaust the administrative procedures under 49 C.F.R. § 391.47 to challenge that determination.  *Id.* at 812 (citing *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635 (8th Cir. 2003)).  *See also Bay v. Cassens Transp. Co.*, 212 F.3d 969 (7th Cir. 2000); *King v. Mrs. Grissom's Salads, Inc.*, No. 98-5258, 1999 WL 552512 (6th Cir. 1999)).

Here Plaintiff contends he was a qualified person under the ADA based on the medical certification of "his personal doctor," but, as noted, his personal doctor's certification was in conflict with the medical opinion of the Defendant's doctor who determined Plaintiff was not medically qualified.  Like the plaintiff in *Williams*, Plaintiff did not exhaust the administrative procedures available to him under 49 C.F.R § 391.47 to resolve the conflicting medical opinions, and, therefore, it has not been established whether Plaintiff was a "qualified individual" under the ADA.

On this record the Court concludes Plaintiff has not carried

his burden to show his failure to exhaust the available administrative remedies was excused or would have been futile.

## IV.  The dispute at issue is within the primary jurisdiction of the DOT.

As noted, the Court has concluded an administrative remedy is available, Plaintiff was required to avail himself of that administrative process, and Plaintiff has not exhausted that remedy.

The Ninth Circuit directed the Court on remand to consider whether to exercise its discretion to excuse exhaustion, which would allow Plaintiff to proceed in this Court or to invoke the doctrine of primary jurisdiction and refer the matter to the DOT for further administrative proceedings.

The Court notes the doctrine of primary jurisdiction is not equivalent to the requirement of exhaustion of administrative remedies. *Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1173 (9th Cir. 2002). When "relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue or redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Syntek Semiconductor v. Microchip Tech., Inc.*, 307 F.3d 775, 780, 781 (9th Cir. 2002)(citing *Reiter v. Cooper*, 507 U.S. 258, 269 (1993)). In contrast, the doctrine of primary jurisdiction "is a prudential doctrine under which courts may, under appropriate circumstances, determine that the initial

18 - OPINION AND ORDER

decision making responsibility should be performed by the
relevant agency rather than the courts . . . when protection of
the integrity of a regulatory scheme dictates preliminary resort
to the agency which administers the scheme." *Syntek*, 307 F.3d at
780-81.  When  considering this issue, courts have employed such
factors as (1) the need to resolve an issue that (2) has been
placed by Congress within the jurisdiction of an administrative
body having regulatory authority (3) pursuant to a statute that
subjects an industry or activity to a comprehensive regulatory
authority that (4) requires expertise or uniformity in
administration.  *Id.* at 781.

As the court noted in *Harris*, it is clear that congressional
intent vests the issue of driver fitness in the Secretary of
Transportation and squarely within the regulatory scheme and
substantive expertise of DOT.  *Harris*, 339 F.3d at 63.  Thus, the
Court concludes the administrative process set out in 49 C.F.R.
§ 391.47 was established in part to resolve medical disputes
regarding driver qualifications.

On this record the Court concludes resolution of this
medical issue lies within the jurisdiction of the administrative
body that exercises regulatory authority over a national activity
that requires uniformity in administration.  The Court,
therefore, concludes application of the doctrine of primary
jurisdiction is appropriate and, accordingly, refers this matter

to the DOT.

Finally, although Plaintiff asserts the statute of limitations would prevent him from refiling his claim in this Court at the end of the administrative process, the Supreme Court noted in *Reiter* that "referral of the issue to the administrative agency does not deprive the court of jurisdiction; it has discretion either to retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice." 507 U.S. at 268-69. Thus, because the statute of limitations may preclude Plaintiff from refiling his claim at the conclusion of the administrative process, this Court retains jurisdiction over this matter and stays this case pending the outcome of the administrative process available to the parties.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#28) for Summary Judgment and **REFERS**[2] the matter to the Department of Transportation for further administrative proceedings. The Court retains jurisdiction over this case pending the available administrative process and **STAYS** this action pending the outcome of that process.

─────────────────

[2] There is no formal transfer mechanism between federal courts and the agency. The parties, therefore, are responsible for initiating the appropriate proceedings before the agency pursuant to this Opinion and Order.

20 - OPINION AND ORDER

The Court **DIRECTS** the parties to file a joint status report beginning 120 days from the date of this Opinion and Order and every 120 days thereafter regarding the status of the administrative process and to advise the Court immediately when the administrative process is complete.

IT IS SO ORDERED.

DATED this 17th day of October, 2016.

_____
ANNA J. BROWN
United States District Judge

21 - OPINION AND ORDER